IN THE UNITED STATE DISTRICT COURT

STATE OF UTAH, CENTRAL DIVISION

| DOUGLAS RICHARD MOOMEY, Plaintiff, vs. OFFICE OF RECOVER SERVICES, Defendant. | REPORT & RECOMMENDATION Case No.  2:19-cv-00593-DB District Court Judge Dee Benson Magistrate Judge Dustin B. Pead |
|---|---|

This case is before Magistrate Judge Dustin Pead pursuant to a 28 U.S.C. § 636(b)(1)(B) referral from District Court Judge Dee Benson. (ECF No. 12.) On November 6, 2019, the court issued an Order to Show Cause ("OSC") asking Plaintiff Douglas Richard Moomey ("Plaintiff" or "Mr. Moomey") to establish jurisdiction. (ECF No. 20.) Plaintiff filed his Response to the OSC ("Response") (ECF No. 24) on November 13, 2019 and, upon review, the court now rules as follows.

## JURISDICTION

This court "must, sua sponte, satisfy itself of its power to adjudicate in every case and at every stage of the proceedings." *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270–71 (10th Cir. 1998) (quoting *Tafoya v. U.S. Dep't of Justice*, 748 F.2d 1389, 1390 (10th Cir. 1984)). The burden of establishing federal jurisdiction rests upon the party asserting it. *Marcus v. Kan. Dept. of Revenue,* 170 F.3d 1305, 1309 (10th Cir. 1999); *see also Penteco Corp. Ltd. P'ship—1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991). Absent

diversity or federal question jurisdiction, this court is prohibited from hearing Mr. Moomey's case and dismissal is appropriate. *See Radil v. Sanborn W. Camps, Inc.,* 384 F.3d 1220, 1224-25 (10th Cir. 2004); *Tuck v. United Services Auto. Ass'n.,* 859 F.2d 842, 844 (10th Cir. 1988) ("A court lacking jurisdiction . . . must dismiss the case *at any stage* of the proceeding in which it becomes apparent that jurisdiction is lacking.") (emphasis in original) (citation omitted); Fed. R. Civ. P. 12(b)(1).

## DISCUSSION

Plaintiff appears to assert diversity jurisdiction, and provides sixty-nine (69) pages of sealed, private exhibits (ECF No. 25; Exhibit B) along with the following relevant arguments in support:

1. "ORS is a corporation therefore operates in a fictional color of law public jurisdiction. Mr. Moomey operates in private, in the Real World, so there is diversity." (ECF No. 24 at ¶ 2);

2. "DOUGLAS RICHARD MOOMEY is PUBLIC. Douglas-Richard: Moomey is Private. Therefore there is diversity, as seen in the Legal Notice and Demand" (*Id.* at ¶ 6);

3. "The Court is aware that DOUGLAS RICHARD MOOMEY, as seen on documents, the Plaintiff, is considered a strawman, a vessel in commerce, a legal entity, a U.S. citizen. (a corporation) Mr. Moomey, the Representative of the Plaintiff, is NOT a U.S. citizen. U.S. citizens is (federal) and a Man is (Sovereign) . . . which proves there is diversity of citizenship. . . ." (*Id.* at ¶ 7);

4. "For the record, I am NOT a U.S. citizen as defined in the United States Code." (*Id.* at p. 4);

5. "Pursuant to Rule 24(b) of the Utah Rules of Civil Procedure, the Authorized Representative of the Plaintiff seeks intervention of right in this action, in order to assert diversity set forth in this Order to Show Cause." (*Id.* at p. 8);

6. "ORS is using a Natural Living Soul as the surety for their color of law regulations, codes and legislation." (*Id.* at p. 5);

Case 2:19-cv-00593-DB   Document 26   Filed 11/25/19   PageID.225   Page 3 of 4

7. "This party has already Granted, and now, with evidence, Asserted this Court has subject matter jurisdiction." (*Id.* at p. 6.);

8. "ORS is enforcing a Divorce Decree. A contract, Plaintiff's Representative has asked to see evidence of consent by invoking the FDCPA [Federal Debt Collection Practices Act], and this Man's Right to verify dishonor of an alleged contract." (*Id.* at p. 6);

9. "Mr. Moomey is a State Citizen as seen by Certificate of Live Birth showing he was born in the State of California. Mr. Moomey is a Man. DOUGLAS RICHARD MOOMEY is a U.S. Citizen, corporation ,ens legis, legal fiction. Mr. Moomey lives on the soil know as Utah State. DOUGLAS RICHARD MOOMEY "resides" in the STATE OF UTAH. Therefore, they are completely different citizenships." (*Id.* at p. 6); and

10. "ORS is NOT a government agency . . . they are operating in commerce as a third party bill collector. . . [t]hey are alien to Mr. Moomey, and this again shows diversity." (*Id.* at p. 7.)

Plaintiff fails to establish complete diversity. *See* 28 U.S.C. § 1332. In his Response, Mr. Moomey attempts to distinguish between "DOUGLAS RICHARD MOOMEY," a U.S. citizen and corporation, and Mr. Moomey, the man and "State Citizen" born in the State of California and currently living in Utah. Given this bifurcation, it is unclear for purposes of jurisdiction as to whether DOUGLAS RICHARD MOOMEY or Mr. Moomey brings the current action. Nonetheless, none of allegations, as to either DOUGLAS RICHARD MOOMEY or Mr. Moomey, provide information on his/their domicile at the time the action was filed. Indeed, "[a]n individual's residence is not equivalent to his domicile and it is domicile that is relevant for determining citizenship." *Siloam Springs Hotel, L.L.C. v. Century Surety Co.,* 781 F.3d 1233, 1238 (10th Cir. 2015) (*citing Whitelock v. Leatherman*, 460 F.2d 507, 514 n. 14 (10th Cir. 1972)). As such, an "allegation that a party . . . is a resident of a state is not equivalent to an allegation of citizenship and is insufficient to confer jurisdiction upon the District Court." *Id.*

3

Second, Plaintiff does not establish federal question jurisdiction. *See* 28 U.S.C. § 1331. A suit "aris[es] under" the law that creates the cause of action. *Merrell Dow Pharms., Inc., v. Thompson,* 478 U.S. 804, 808 (1986). As addressed previously, Mr. Moomey's complaint appears to only assert state law causes of action. And, although Plaintiff's Response references for the first time, "due process" and the "FDCPA [Federal Debt Collection Practices Act]", whether a claim "'arises under' federal law must be determined by reference to the 'well-pleaded complaint.'" *Merrell* 478 U.S. at 808.

## **RECOMMENDATION**

Accordingly, for the reasons set forth herein, Plaintiff has not established subject matter jurisdiction and the court RECOMMENDS that the action be dismissed without prejudice.

Copies of this Report and Recommendation are being sent to Plaintiff, who is hereby notified of his right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Plaintiff must file any objection within fourteen (14) days after being served with a copy. *Id.* Failure to object may constitute waiver of objections upon subsequent review.

DATED this 25th day of November 2019.

BY THE COURT

_____
DUSTIN B. PEAD
Magistrate Judge
United States District Court