IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DOUGLAS RICHARD MOOMEY,<br><br>Plaintiff,<br><br>vs.<br><br>OFFICE OF RECOVERY SERVICES,<br><br>Defendant. | ORDER ADOPTING REPORT &<br>RECOMMENDATION<br><br><br><br>Case No. 2:19-cv-593<br>Judge Dee Benson |

Before the court is the Report and Recommendation issued by United States Magistrate Judge Dustin Pead on November 25, 2019, recommending that this court dismiss this action for lack of subject matter jurisdiction.

The parties were notified of their right to file objections to the Report and Recommendation within fourteen (14) days after receiving it. On December 2, 2019, Plaintiff filed his "Objection to Magistrate's Report and Recommendations," and included a "Motion to Transfer" in the same document. (Dkt. No. 36.) On January 17, 2019, Defendant Office of Recovery Services filed its "Response to Objection to Report and Recommendations" and its "Response to Motion to Change Venue." (Dkt. Nos. 38, 39.)

1

Having reviewed all relevant materials, including Plaintiff's *pro se* objection, Plaintiff's motion to transfer, Defendant's response, the record that was before the magistrate judge, and the reasoning set forth in the magistrate judge's Report and Recommendation, the court overrules Plaintiff's objection and adopts the Report and Recommendation in its entirety. The court has also reviewed Plaintiff's motion to transfer and declines to exercise its discretion to transfer the case.

In his objection, Plaintiff Douglas Richard Moomey claims that he is domiciled in the state of Utah. Even if Plaintiff had so stated in his complaint, it does not cure Plaintiff's jurisdictional defect. Defendant is a Utah state agency, and thus there is no diversity of citizenship between the parties. Plaintiff also claims that "Mr. Moomey and DOUGLAS RICHARD MOOMEY are diverse," and that "ORS is foreign to Plaintiff," but such statements do not satisfy the diversity requirements of 28 U.S.C. § 1332, which requires Plaintiff's state of domicile to be diverse from Defendant's state of domicile. Suits by private citizens against state agencies in federal court are furthermore barred by the Eleventh Amendment. *Hans v. Louisiana*, 134 U.S. 1 (1890). The well-pleaded complaint does not sound in federal law, and there is no basis for the exercise of supplemental jurisdiction in this case. As no basis for federal jurisdiction exists, the court agrees with the magistrate's recommendation that the case be dismissed.

28 U.S.C. § 1631 permits a federal court to transfer a civil action to another federal court of competent jurisdiction "if it is in the interest of justice." That section only authorizes transfer to federal courts; it does not authorize transfer to state court. *See Kier Bros. Investments Inc. v.*

*White*, 943 F. Supp. 1, 4 (D.D.C. 1996) ("§ 1631 . . . only authorizes transfer to those federal courts defined in 28 U.S.C. § 610."). Only a state court can rule on the causes of action raised in Plaintiff's complaint. Transfer to another federal court would be futile. It is therefore not in the interest of justice to transfer this action.

Accordingly, the court ADOPTS the Report and Recommendation and issues the following Order. The action is DISMISSED without prejudice for lack of subject matter jurisdiction. Plaintiff's motion to transfer is DENIED.

DATED this 30th day of January, 2020.

_____
Dee Benson
United States District Judge